UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JEFFREY B. VINYARD, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:22-cv-1143-SHM-tmp |
| MADISON COUNTY JAIL, ET AL., | ) |
| Defendants. | ) |

**ORDER MODIFYING DOCKET;
DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
AND GRANTING LEAVE TO AMEND**

On July 5, 2022, Plaintiff Jeffrey B. Vinyard filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Vinyard filed the complaint, he was confined at the Madison County Jail (the "MCJ"), in Jackson, Tennessee. (ECF No. 1 at PageID 2.) On July 15, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 5.)

In his complaint, Vinyard alleges: (1) denial of his due process rights under the Fourteenth Amendment because the MCJ did not book Vinyard "into the[i]r agency on April 27, 2022"; (2) "police misconduct" and "unprofessional ethics" by the Jackson Police Department (the "JPD") on April 27, 2022; and (3) "unprofessional ethics, excessive force, and harassment" by Officer Boxley[1] of the JPD on April 27, 2022. (ECF No. 1 at PageID 2.) Vinyard alleges no facts about the circumstances of the April 27, 2022 conduct. (*See id*.) Vinyard sues four Defendants: (1) the

---

[1] Vinyard's spelling in the complaint of Officer Boxley's name is inconsistent. (*See* ECF No. 1 at PageID 1 ("Boxely"); *id*. at PageID 2 ("Boxely" and "Boxley").)

MCJ; (2) the JPD; (3) Officer F/N/U Boxley; and (4) the Madison County Sheriff's Department (the "MCSD"). (*Id*. at PageID 1-2.) Vinyard seeks: (1) "compensation"; (2) "justice"; and (3) "my freedom reinstated." (*Id*. at PageID 3.)

The Clerk shall MODIFY the docket to add these Defendants: (1) Madison County, Tennessee (the "County"); and (2) the City of Jackson, Tennessee (the "City").

The complaint (ECF No. 1) is before the Court.

For the reasons explained below: (1) the complaint (ECF No. 10) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim to relief; and (2) leave to amend is GRANTED.

## I.     LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported

by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

II.     **REQUIREMENTS TO STATE A CLAIM UNDER § 1983**

Vinyard sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

III.    **ANALYSIS**

   A.  **Claims Against The MCJ, The JPD, The MCSD, The County, And The City**

To the extent Vinyard alleges a claim against the MCJ, Vinyard fails to state a claim to relief as a matter of law. Under § 1983, a jail is not a "person" subject to suit. *See Marbry v. Corr.*

*Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)).

To the extent Vinyard alleges a claim against the JPD and the MCSD, Vinyard fails to state a claim to relief as a matter of law. It is well-established in the Sixth Circuit that a police department, such as the MCSD, is not a proper defendant in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("[T]he Police Department is not an entity which may be sued"). "[S]ince *Matthews*, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro Gov't of Nashville & Davidson Cnty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010).

The Court construes Vinyard's claims against the MCJ and the MCSD as claims against the County. *See Marbry*, 238 F.3d 422 (table), 2000 WL 1720959, at *2. The Court construes Vinyard's claim against the JPD as a claim against the City. *Id.*; *see also Sargent v. City of Toledo Police Dep't*, 150 Fed. App'x 470, 475 (6th Cir. 2005) (police departments can properly be characterized as "sub-units of the municipalities they serve"); *accord Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010); *Duck v. Madison Cnty. Sheriff's Dep't*, No. 17-1043, 2018 WL 2966950, at *3 (W.D. Tenn. June 13, 2018) (citing cases).

The County may be held liable only if Vinyard's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). The City may be held liable only if Vinyard's injuries were sustained pursuant to an unconstitutional custom or policy of the City. *See id.*

4

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

To the extent Vinyard's complaint can be construed to allege claims against the County and the City, he fails to satisfy the fundamental requirements of *Monell*. Vinyard does not describe any policy or custom of the County or the City, much less one pursuant to which the County or the City acted to deprive Vinyard of his constitutional rights.

The complaint's claims against (1) the MCJ, (2) the JPD, (3) the MCSD, (4) the County, and (5) the City are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

**B. Official Capacity Claim Against Officer Boxley**

Vinyard does not allege whether he sues Officer Boxley in Officer Boxley's official or individual capacity. (*See* ECF No. 1 at PageID 1-3.) The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593). The Court construes Vinyard's claim against Officer Boxley as an official capacity claim.

5

Vinyard's official capacity claim against Officer Boxley is treated as a claim against Officer Boxley's employer — the JPD. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews*, 35 F.3d at 1049); *see also* ECF No. 1 at PageID 2 (alleging that Officer Boxley is employed with the JPD). Vinyard's claim against the JPD is considered a claim against the City. *See Marbry*, 238 F.3d 422 (table), 2000 WL 1720959, at *2. Because Vinyard fails to allege facts stating a claim to relief against the City, *see* Section III.A. *supra*, Vinyard fails to state a claim to relief against Officer Boxley in Officer Boxley's official capacity.

The complaint's official capacity claim against Officer Boxley is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### C. Amendment Under The PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree

6

with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the claims dismissed without prejudice, under the conditions set forth below.

### IV.    CONCLUSION

For the reasons set forth above:

A.    The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.    Leave to amend the complaint is GRANTED. An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Vinyard's claims. An amended pleading supersedes the complaint and must be complete in itself without reference to the prior pleadings. Vinyard must sign the amended pleading, and the text of the amended pleading must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended pleading and must be attached to the amended pleading. All claims alleged in an amended pleading must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Vinyard fails to file an amended pleading within the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

   C. To the extent Vinyard challenges the validity of his confinement or his sentence (*see* ECF No. 1 at PageID 3 (seeking "my freedom reinstated")), Vinyard's claim is not cognizable in an action under 42 U.S.C. § 1983.  The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983."  *Heck v. Humphrey,* 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)); *see also Muhammad v. Close,* 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus").

  IT IS SO ORDERED this  *22nd*  day of April, 2025.

              /s/ *Samuel H. Mays, Jr.*
              SAMUEL H. MAYS, JR.
              UNITED STATES DISTRICT JUDGE